**MATTHEW E. PASTO, pro se**
**1653 Arbor Drive**
**San Jose, Calif. 95125**
**(408) 871-9522**

**Defendant pro se**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**NEWARK DIVISION**

| | |
|---|---|
| **HIGHLAND CAPITAL CORPORATION,** ) | |
| ) | |
| **Plaintiff,** ) | **Case No. 2:19-cv-14282-BRM-JAD** |
| ) | |
| **vs.** ) | **THIRD PARTY COMPLAINT** |
| ) | |
| **MATTHEW E. PASTO, MD, and** ) | |
| **MATTHEW E. PASTO,** ) | |
| **INDIVIDUALLY,** ) | |
| **Defendants.** ) | |
| ——————————————————) | |
| ) | |
| **MATTHEW E. PASTO, M.D.,** ) | |
| ) | |
| **Third Party Plaintiff,** ) | |
| ) | |
| **vs.** ) | |
| ) | |
| **JAMES M. DRURY, MARTHA DRURY,** ) | |
| **SACRAMENTO VALLEY AFFILIATE** ) | |
| **OF THE SUSAN KOMEN BREAST** ) | |
| **CANCER FOUNDATION, INC.** ) | |
| **NATIONAL MEDICAL PARTNERS,** ) | |
| **INC., LIFE SAVING IMAGES,** ) | |
| **INC., DOES ONE through FIFTY,** ) | |
| **inclusive,** ) | |
| ) | |
| **Third Party Defendants.** ) | |
| ——————————————————) | |

Comes now Third party Plaintiff, MATTHEW PASTO, M.D., and for a

---

**THIRD PARTY COMPLAINT**

1 Cause of Action against Third Party Defendants, and each of them,
2 alleges:

3  **ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION**

4  1.  The true names and capacities, whether individual, corporate,
5      associate or otherwise, of Third Party Defendants DOES ONE
6      through FIFTY, are unknown to Third Party Plaintiff who therefore
7      sues said Third Party Defendants by such fictitious names. Third
8      Party Plaintiff is informed and believes and thereupon alleges
9      that each of the Third Party Defendants designated herein by
10     such fictitious name is in some manner responsible for the
11     events and happenings herein referred to and caused damages
12     proximately and foreseeable thereby to Third Party Plaintiff as
13     herein alleged. Third Party Plaintiff asks leave of Court to
14     amend this Complaint to show the true names and capacities when
15     the same have been ascertained.

16  2.  Third Party Plaintiff, MATTHEW PASTO, M.D. (hereinafter referred
17      to as Dr. Pasto") is and at all times herein mentioned, was a
18      resident of
19
        the County of Santa Clara and State of California.
20

21  3.  Third Party Defendant, JAMES MICHAEL DRURY, a/k/a JAMES M. DRURY,
22      a/k/a JAMES DRURY, is and at all times herein mentioned, was a
23      resident of the County of Contra Costa and State of California.

24
25  4.  Third Party Defendant, MARTHA DRURY, is and at all times herein
        mentioned, was a resident of the County of Contra Costa and
26

27

State of California.

5. NATIONAL MEDICAL PARTNERS, INC., is and at all times herein mentioned, was a corporation duly organized and existing under the laws of the State of California, with its principal place of business in the City of Danville, County of Contra Costa, State of California.

6. LIFE SAVING IMAGES, INC., is and at all times herein mentioned, was a corporation duly organized and existing under the laws of the State of California, with its principal place of business in the City of Sunnyvale, County of Santa Clara, State of California.

7. SACRAMENTO VALLEY AFFILIATE OF THE SUSAN G. KOMEN BREAST CANCER FOUNDATION, INC., is and at all times herein mentioned, was a corporation duly organized and existing under the laws of the State of California, with its principal place of business in the City of Sacramento, County of Sacramento, State of California.

8. At all times herein mentioned each of the Third Party Defendants was the agent, servant and employee of each of the remaining third party defendants and herein and was at all times acting within the purpose and scope of said agency.

9. On or about May 1, 2016, Third Party Defendantas proposed to Dr. Pasto that they enter into a partnership and, on or about May 1, 2016, in Los Gatos, California, Dr. Pasto, a physician specializing in diagnostic radiology, and Third Party

Defendants, entered into a partnership agreement intended to provide breast screening services to women throughout California, utilizing Dr. Pasto's

expertise reading Ultrasound and mammography breast screening images for the diagnosis of breast cancer.

10. Third Party Defendants represented that they had been involved in the sales of mammography screening and ultrasound screening units and the cost of the units to be leased/financed by Dr. Pasto were most favorable to their partnership and that they would not receive any compensation, commission or other financial benefit from the lease or financing of the units.

11. Third Party Defendants advised Dr. Pasto that they would need to acquire Mammography screening systems and an Ultrasound screening unit but they could only be obtained by a licensed physician. Third Party Defendants represented that they could arrange for the lease and/or financing of the necessary equipment, but it would be necessary for DR. PASTO to enter into the lease/financing agreements for the equipment.

12. Based on the representations of Third Party Defendants, DR. PASTO entered into a lease agreement with Highland Capital Corporation on or about May 14, 2016 for the lease of an Ultrasound screening system, identified as an Alpinion E-Cube Ultrasound and a further lease agreement with Highland Capital Corporation on or about May 27, 2016 for the lease of a refurbished Hologic Selenia mammography screening system.

13. In further reliance on the representations of Third Party

Defendants, DR. PASTO

entered into an Equipment Financing Agreement with Everbank
Commercial Finance Company on or about February 2, 2017 for the
purchase of a new mammography screening unit, identified as a
Hologic Selenia 2D Mammography System.

14. Third Party Defendants prepared an Agreement providing that Third
Party Defendants, would be responsible for all financial
obligations for the Ultrasound unit leased from Highland Capital
Corporation, and pay DR. PASTO the sum of$1,000 per month for
general consultation regarding the ultrasound unit; Third Party
Defendants also agreed to personally guarantee the lease
obligation and payments to DR. PASTO. A copy of this Ultrasound
Agreement is attached hereto as Exhibit 1.

15. Third Party Defendants also prepared an Agreement providing that
Third Party Defendants would be responsible for all financial
obligations for the mammography system leased from Highland
Capital Corporation and pay DR. PASTO the sum of $500 per month
for general consultation regarding the mammography system; Third
Party Defendants also agreed to personally guarantee the financing
obligation and payments to DR. PASTO. A copy of the Mammography
System Agreement is attached as Exhibit 2.

16. On or about February 2, 2017, Third Party Defendants and DR. PASTO
entered into a further oral Agreement regarding the financing
agreement with Everbank Commercial Finance Company for the
purchase of the Mammography screening unit on the same terms as
the Agreements set forth in Exhibits 1 and 2.

**THIRD PARTY COMPLAINT**                                     **Page 5**

17. The property identified in Paragraphs 12 through 16, above, are collectively referred to herein as the "EQUIPMENT."

18. Pursuant to the parties' agreement, DR. PASTO was also to be paid $20 to $40 for each mammogram he reviewed and $2,000 a month for trips to the Merced office and for related services.

19. On or about February, 2017, Third Party Defendants assumed sole possession and control of the business and business assets, including the accounts receivable, the EQUIPMENT, and other assets used for the partnership located at830 Stewart Drive, Sunnyvale, California, 545 West 26th Street, Merced, California and other locations unknown to Third Party Plaintiff and thereafter controlled and operated the same to the exclusion of Third Party Plaintiff and without making any accounting to Third Party Plaintiff of the income or disbursements realized by the partnership.

20. The partnership has never been dissolved and no accounting of the partnership business has been provided Third Party Plaintiff.

21. Since Third Party Defendants assumed sole possession and operation of the partnership in January, 2017, Third Party Plaintiff has been burdened with the lease for the Sunnyvale business property, along with the EQUIPMENT lease and financing obligations, all without any contribution from Defendants.

### FIRST CAUSE OF ACTION

### BREACH OF CONTRACT

22. Dr. Pasto has performed all conditions, covenants, and promises required by him pursuant to his agreement with

Third Party Defendants.

23. On or about February, 2017 and continuing, Third Party Defendants, and each of them, breached the Agreements with Dr. Pasto by failing to and refusing to pay the obligations due Third Party Plaintiff and the leasing/financing companies as required by the agreements between the parties.

24. On or about February, 2017, and continuing thereafter, Third Party Defendants, and each of them, breached the written with Dr. Pasto by failing to satisfy the obligations to the leasing and finance companies for the EQUIPMENT, as required by the agreement.

25. From and after February, 2017, Third Party Defendants further breached the written and oral agreements with Dr. Pasto by failing to pay the amounts due Dr. Pasto for rental reimbursement, professional fees and consulting services, in an amount according to proof, but not less than $65,123.

## SECOND CAUSE OF ACTION

## FRAUD AND BREACH OF FIDUCIARY DUTY

26. From and since Dr. Pasto and Third Party Defendants first entered into their partnership agreement,  Third Party Defendants made representations to Dr. Pasto regarding their financial ability to operate the partnership business and satisfy the financial obligations whereby the EQUIPMENT was leased or financed, and failed to disclose to DR. PASTO the private financial benefits the Third Party Defendants were to receive or were receiving from the business transactions of the partnership, all to DR. PASTO's

detriment and damage.

27. DR. PASTO relied on the representations of Third Party Defendants regarding the management of the partnership business and satisfaction of the financial obligations associated with the use and operation of the EQUIPMENT, believing Third Party Defendants representations that they had the knowledge and experience necessary to manage and operate the business.

28. In fact, Third Party Defendants lacked the knowledge and experience necessary to operate the business and protect DR. PASTO'S interests; Third Party Defendants improperly utilized DR. PASTO'S medical training and experience in order to financially take advantage of him to their individual benefit, breaching their fiduciary duty to hold DR. PASTO's interest in the highest regard.

29. The Third Party Defendants breached their fiduciary duty to DR. PASTO by intentionally failing to disclose their secret financial interest in the EQUIPMENT lease and operation of the partnership enterprise, all to the detriment of DR. PASTO, who would not have entered into the EQUIPMENT transactions or otherwise committed himself to the operation if he had been advised of the true facts by the Third Party Defendants.

**THIRD CAUSE OF ACTION**

**CONVERSION**

30. At all times herein mentioned and continuing, DR. PASTO is and continues to be the owner of the EQUIPMENT and the leasehold interest therein, and is entitled to possession of the EQUIPMENT.

---

**THIRD PARTY COMPLAINT**                                                **Page 8**

31.  On or about February, 2017, the EQUIPMENT had a value of not less than $245,000.

32.  By service of this Third Party Complaint on Third Party Defendants, DR. PASTO hereby demands that the EQUIPMENT be returned and delivered to him, the rightful owner.

33.  As a natural, reasonable and proximate result of Third Party Defendants' wrongfully taking of DR. PASTO's property, DR. PASTO is entitled to be indemnified for the loss of use of the EQUIPMENT in an amount according to proof.

WHEREFORE, DR. PASTO prays for Judgment against Third Party Defendants, and each of them, as follows:

1.  For an Accounting between DR. PASTO and Third Party Defendants;

2.  For payment over to DR. PASTO of the amount due from Third Party Defendants as a result of the account and for interest on that amount from January 1, 2017;

3.  For compensatory damages for breach of contract in the amount of not less than $340,123;

4.  For interest on the sum of $340,123 from and after January 1, 2017;

5.  For general damages according to proof;

6.  For Special Damages according to proof;

7.  For the value of the EQUIPMENT converted in the sum of $245,601;

8.   For interest at the legal rate on the above amount from and after January 1, 2017;

1

9.   For damages for the proximate and foreseeable loss resulting from Third Party Defendants' conversion of the EQUIPMENT;

2

3

4   10.   For damages for the time and money properly expended in pursuit of

5        the converted EQUIPMENT according to proof;

6

7   11.   For costs of suit; and

8   12.   For such other and further relief as the Court may deem proper.

9

10

11        MATTHEW E. PASTO, M.D.
          Third Party Plaintiff
12        pro se

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

AO 441 (Rev. 12/09) Summons on Third-Party Complaint

# UNITED STATES DISTRICT COURT

for the

District of New Jersey ▾

| | |
|---|---|
| HIGHLAND CAPITAL CORPORATION | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| MATTHEW E. PAST, M.D., et al | ) |
| *Defendant, Third-party plaintiff* | ) |
| v. | ) |
| JAMES M. DRURY | ) |
| *Third-party defendant* | ) |

## SUMMONS ON A THIRD-PARTY COMPLAINT

To: *(Third-party defendant's name and address)*  JAMES M. DRURY
1532 mANDEVILLA lANE
CERES, CALIFORNIA 94307

A lawsuit has been filed against defendant  MATTHEW E.PASTO, M.D, who as third-party plaintiff is making this claim against you to pay part or all of what the defendant may owe to the plaintiff  HIGH;AND CAPITAL CORP   .

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(3) — you must serve on the plaintiff and on the defendant an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the defendant or defendant's attorney, whose name and address are:

MATTHEW PASTO
1653 Arbor Drive
San Jose, California 95125

It must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

Robert L.Hornby
One Boland Drive
WEST oRANGE, UT 07052

If you fail to respond, judgment by default will be entered against you for the relief demanded in the third-party complaint. You also must file the answer or motion with the court and serve it on any other parties.

A copy of the plaintiff's complaint is also attached. You may – but are not required to – respond to it.

Date: _____

*CLERK OF COURT*

_____
*Signature of Clerk or Deputy Clerk*