NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HIGHLAND CAPITAL CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW E. PASTO, M.D., *et al.*,<br><br>Defendants.<br><br>―――――――――――――――――――――<br><br>MATTHEW E. PASTO, M.D.,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>SACRAMENTO VALLEY AFFILIATE OF THE SUSAN KOMAN BREAST CANCER FOUNDATION, INC., *et al.*,<br><br>Defendants. | Case No. 2:19-cv-14282 (BRM) (ESK)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is a Motion for Reconsideration (ECF No. 51) filed by Plaintiff Highland Capital Corporation ("Highland") pursuant to Local Civil Rule 7.1, seeking partial reconsideration of the Court's September 16, 2020 Opinion and Order (ECF Nos. 48 and 49), which denied Highland's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. Defendant/Third-Party Plaintiff Matthew E. Pasto, M.D. ("Pasto") opposes the motion. (ECF No. 53.) Having reviewed the submissions filed in connection with the motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons

set forth herein and for good cause shown, Highland's Motion for Reconsideration is **DENIED**.

I. **BACKGROUND**

The underlying facts are set forth at length in the Court's September 16, 2020 Opinion (ECF No. 48), from which Highland seeks partial reconsideration. In the interest of judicial economy, the Court refers the parties to that Opinion for a full recitation of the factual background of this dispute. (*See id.*)

Briefly, this case stems from a breach-of-contract action arising out of leases for medical equipment used in the screening for breast cancer. (*See generally id*.) Highland, a Delaware corporation with a principal place of business in Little Falls, New Jersey, leased the equipment to Pasto. (*See* Notice of Removal (ECF No. 1) ¶ 4; *see also* the Compl. at Ex. A to Notice of Removal (ECF No. 1) at 4, ¶¶ 1, 16.) Pasto is a physician specializing in diagnostic radiology. (*See* Third-Party Compl. (ECF No. 3) ¶ 9.) Pasto signed one lease with Highland for ultrasound equipment and another lease for mammography gear. (Pl.'s Statement of Undisputed Material Facts (ECF No. 40-4) ¶¶ 1, 14.) These leases granted Highland a security interest in the equipment. (*Id.*) The Highland leases identify Pasto both as the "Borrower," presumably a sole proprietorship based in Sunnyvale, California, and as the "Guarantor," an individual residing in San Jose, California. (ECF No. 1 at 4, ¶¶ 2–3, at 5, ¶ 1.) Pasto admits signing the agreements but denies "knowingly" entering the leases. (Def.'s Responsive Statement (ECF No. 45-1) ¶¶ 3-1, 3-2.) Indeed, Pasto alleges Highland negotiated the leases with Third-Party Defendants. (*See* Counterclaim (ECF No. 2) ¶¶ 2–9.) Highland filed UCC-1 financing statements related to both leases. (*Id.* ¶¶ 5, 18.) Pasto defaulted on the payments required by these leases. (*Id.* ¶¶ 11, 20 (citing Def.'s Initial Disclosures, Pl.'s Ex. 4 (ECF No. 40-3) at 46 ¶ 3).)

On April 10, 2019, Highland filed a five-count Complaint in Superior Court of New Jersey, Passaic County alleging two breach-of-contract claims, as well as conversion, unjust enrichment, and estoppel against Pasto. (*See* ECF No. 1.) Highland sought $64,688.79, representing the amount owed on the unexpired ultrasound lease, plus costs, expenses, attorneys' fees, and interest, as well as $42,230.24, representing the amount owed on the unexpired mammography lease, plus costs, expenses, attorneys' fees, and interest. (ECF No. 1, Ex. A; ECF No. 48 at 3.) Pasto, appearing *pro se*, removed the action to this Court on June 27, 2019. (Notice of Removal (ECF No. 1).) Pasto filed an Answer and Counterclaim against Highland on July 8, 2019, alleging at least $300,000.00 in damages from fraud but relying on the counts and allegations elucidated in the separate but concomitantly filed Third-Party Complaint. (ECF Nos. 2, 3.) Highland filed an Answer to Pasto's Counterclaim on July 29, 2019. (ECF No. 5.)

On November 20, 2019, this Court issued a Notice of Call for dismissal pursuant to Fed. R. Civ. P. 4(m) as to all Third-Party Defendants. (ECF No. 11.) On November 26, 2019, Third-Party Defendant Sacramento Valley Affiliate of the Susan Komen Breast Cancer Foundation, Inc. ("SVA") filed an application to extend its time for filing an Answer. (ECF No. 12.) That application was granted, extending SVA's time for filing an Answer to December 11, 2019. (*See* 12-3-2019 Docket Entry.) Pasto was granted a 30-day extension for serving the Third-Party Defendants. (ECF No. 15.) On December 18, 2019, SVA received a second extension of the deadline for filing an Answer, to January 15, 2020. (ECF No. 17.) On January 14, 2020, Pasto was granted a second 30-day extension for serving the other Third-Party Defendants, to February 14, 2020. (ECF No. 20.)[1] On January 15, 2019, SVA filed its Motion to Dismiss the Third-Party

---

[1] On April 22, 2021, James M. Drury was dismissed from the case as a Third-Party Defendant because the case had been pending "for more than six months without any proceeding having been taken . . . and no objection ha[d] been entered at [the] calendar call." (ECF No. 67.)

3

Complaint as to SVA. (ECF No. 21.) Pasto filed a letter to the Court on February 25, 2020, that was construed by the Court to be an untimely opposition to that motion. (ECF No. 27; *see also* July 2, 2020 Text Order (ECF No. 41).) On February 27, 2020, SVA filed a Reply in further support of its Motion to Dismiss. (ECF No. 28.) On March 20, 2020, Pasto filed a Motion to Transfer this litigation to the United States District Court for the Northern District of California. (ECF No. 32.)

On June 30, 2020, Highland filed its Motion for Summary Judgment. (ECF No. 40.) Pasto's Motion to Transfer was fully briefed and argued via a remote hearing on July 2, 2020, during which the Motion to Transfer was denied. (ECF No. 41.) On July 27, 2020, Pasto filed his opposition to Highland's Summary Judgment Motion. (ECF No. 45.) On August 14, 2020, Highland filed a Reply. (ECF No. 47.)

On September 16, 2020, the Court granted SVA's Motion to Dismiss, thereby dismissing SVA as a party to this action. (*See* ECF Nos. 48 and 49.) Additionally, Pasto's request for jurisdictional discovery was denied, and Highland's Motion for Summary Judgment was denied. (*See id.*) On September 30, 2020, Highland filed a Motion for Reconsideration of the Court's September 16, 2020 Order and Opinion, seeking reconsideration of the Court's denial of Highland's Motion for Summary Judgment only. (ECF No. 51.) On October 9, 2020, Pasto filed an opposition. (ECF No. 53.)

## II. LEGAL STANDARD

While not expressly authorized by the Federal Rules of Civil Procedure, motions for reconsideration are proper pursuant to this District's Local Civil Rule 7.1(i) if there are "matters or controlling decisions which counsel believes the Judge . . . has overlooked." L.Civ.R. 7.1(i); *Dunn v. Reed Grp., Inc.*, Civ. A. No. 08-1632, 2010 WL 174861, at *1 (D.N.J. Jan 13, 2010). The

comments to that Rule make clear, however, that "reconsideration is an extraordinary remedy that is granted 'very sparingly.'" L.Civ.R. 7.1(i) cmt. 6(d) (quoting *Brackett v. Ashcroft*, Civ. A. No. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003)). In that regard, the Third Circuit has held the scope of a motion for reconsideration is "extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). "Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* Accordingly, an order or judgment may only be altered or amended if the party seeking reconsideration shows at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *United States ex rel. Schumann v. AstraZeneca Pharms. L.P.*, 769 F.3d 837, 848–49 (3d Cir. 2014). A court commits clear error of law "only if the record cannot support the findings that led to the ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, Civ. A. No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F. 3d 591, 603–04 (3d Cir. 2008)). "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* (citing *Grape*, 549 F.3d at 603–04).

In short, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6 (quoting *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001)); *Schiano v. MBNA Corp.*, Civ. A. No. 05-1771, 2006 WL 3831225, at *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, [] and should be dealt with through the normal appellate process[.]") (citations omitted); *United States v. Compaction*

*Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]."); *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 163 (D.N.J. 1988).

### III. DECISION

Highland argues reconsideration of the Court's decision to deny Highland's Motion for Summary Judgment. Highland argues (1) the Court's decision to deny Highland's affirmative claims was based upon an incorrect basis and incomplete set of facts, and (2) the Court made errors in fact and law and overlooked arguments in denying Highland's Motion for Summary Judgment on Pasto's counterclaims. (ECF No. 51-1 at 8, 17.) Specifically, concerning Highland's affirmative claims, Highland contends, *inter alia*,

> [T]he undisputed factual record clearly demonstrates that the Equipment was delivered and Pasto accepted the Equipment, making the Agreements irrevocable. The Court's Opinion does not reference these facts and in fact concludes as if they were not in the record. Importantly, the Court erroneously focuses on delivery, not acceptance, of the Equipment. ***Thus, respectfully, the Court erred in (i) concluding that delivery/possession is required in order to enforce the hell or high water provision, and (ii) finding an issue of fact exists regarding whether the Equipment was delivered thereby precluding a finding that the Agreements became irrevocable. When these errors are corrected, the Court must find that Plaintiff is entitled to judgment as a matter of law.***

(*Id.* at 14–15 (emphasis added).)

Further, Highland argues,

> the undisputed evidence in the record establishes that ***Pasto did, indeed, perform under the Agreements for years, which respectfully, this Court overlooked in concluding that Plaintiff cannot argue valid contract formation on the basis of Pasto's performance. Plaintiff respectfully submits that when these factual errors are corrected, the Court must find that Pasto accepted the Equipment and performed under the Agreements for***

6

> ***years thereby ratifying the Agreements as a matter of law.*** Thus, this Court should reconsider and reverse its denial of summary judgment in favor of Plaintiff.

(*Id.* at 16–17 (emphasis added).)

Next, Highland argues the Court failed to address Highland's Motion for Summary Judgment on Pasto's counterclaims. (*Id.* at 17.) Specifically, Highland argues,

> Plaintiff also moved for summary judgment dismissing Defendants' Counterclaim with prejudice, setting forth multiple grounds establishing that the Counterclaim is not legally sustainable. ***The Opinion, however, did not address this part of Plaintiff's motion, instead focusing on Plaintiff's affirmative claims . . . . it appears the Court overlooked this argument and evidence,*** Plaintiff respectfully requests that the Court reconsider and enter judgment dismissing the Counterclaim with prejudice.

(*Id.* at 17–18.)[2]

Pasto responds, arguing, "[Highland's] dissatisfaction with the Court's prior determination is not a valid ground for seeking reconsideration, and this Court should not rehash its conclusions regarding each of [Highland's] claims." (ECF No. 53 at 7.) Specifically, Pasto argues, *inter alia*, "nothing in the factual record shows concretely that Dr. Pasto ever 'received' and 'inspected' the equipment" and Highland's efforts are merely an "attempt to get a second bite of the apple and have the Court not reconsider its decision as error, but instead is another attempt to persuade the Court to see the common-law contract issues in a light more favorable to [Highland]." (*Id.* at 7, 9.)

As an initial matter, the Court's September 16, 2020 Opinion clearly identified and applied the proper legal standard for a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(a). (*See* ECF 48 at 8–10 (providing standard for summary judgment and stating, in

---

[2] According to Highland, "there [is] no evidence in the record to support [Pasto's] fraud claim against Plaintiff," as Pasto admitted "he had no dealings with [Highland] in procuring the Agreements [which] negates an essential element of his fraud claim, thus requiring dismissal of same as a matter of law." (*Id.* at 18.)

7

relevant part, "a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor,'" and "[i]n deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. Credibility determinations are the province of the factfinder.").)

Next, Highland does not identify any intervening change in the relevant law or new evidence that was unavailable at the time this Court entered its decision. Consequently, Highland's motion rests solely on the contention this Court's decision contains an error of fact or law that, if left uncorrected, would result in manifest injustice. (*See* ECF No. 51-1 at 7–8 (stating that "[a] judgment may be altered or amended if the party seeking reconsideration shows . . . 'the need to correct a clear error of law or fact or to prevent manifest injustice' . . . . It is respectfully submitted that this is just such a motion.").)

The Court denied Highland's Motion for Summary Judgment finding Highland's arguments "unavailing." (ECF No. 48 at 20.) The Court reasoned:

> Highland does not make any allegation about whether or when Pasto came into actual possession of the equipment. In the Third-Party Complaint, Pasto alleges Third-Party Defendants had full possession and control of the equipment as of February 2017. There is no allegation in the Third-Party Complaint regarding when delivery of the equipment to Pasto was made. Highland cannot argue the leases became irrevocable upon delivery, because delivery of the equipment was never alleged in the Complaint nor in Highland's Statements of Undisputed Material Facts. This failure similarly dooms Highland's Motion for Summary Judgment on the remaining Unjust Enrichment, Conversion and Estoppel claims, all of which are dependent upon Pasto having come into possession of the equipment.

(*Id.*)

Further, the Court found:

> Highland also cannot argue valid contract formation on the basis of Pasto's performance under the agreements because Highland nowhere specifically alleges, let alone evidences, Pasto actually performed, meaning that he made any payments required by the lease; Highland alleges only that Pasto defaulted on one lease in November 2018 and on the other lease in December 2018. (*Id.* ¶¶ 7, 22.) ***While the allegations in the Complaint assume payments by Pasto before November 2018 and December 2019, in a Motion for Summary Judgment all inferences are to be drawn in favor of the nonmoving party, here Pasto.*** *Marino*, 358 F.3d at 247. ***Consequently, the Court concludes summary judgment for Highland at this time, on the facts and record actually before this Court at this time, would be inappropriate because there are genuine disputes of material fact at issue.***

(*Id.* at 21 (emphasis added).)

The Court finds Highland merely disagrees with the Court's decision and is essentially asking the Court to rethink what it has already thought through. *Parker v. Fulton*, Civ. A. No. 198926, 2020 WL 5096990, at *2 (D.N.J. Aug. 28, 2020) (citing *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002)). As the Court stated in its prior Opinion, on a motion for summary judgment, "all inferences are to be drawn in favor of the nonmoving party, here Pasto." (ECF No. 48 at 21.) After applying this standard, as it must, the Court "conclude[d] summary judgment for Highland at this time, on the facts and record actually before this Court . . . would be inappropriate because there are genuine disputes of material fact at issue." (*Id.*)[3]

---

[3] For the sake of clarity, the Court denies reconsideration of its denial of Highland's Motion for Summary Judgment seeking dismissal of Pasto's counterclaim with prejudice. In its Opinion, the Court acknowledged Pasto's counterclaim (*see* ECF No. 48 at 19 n.5 ("In his Counterclaim, Pasto actually alleges Highland and Third-Party Defendants colluded to defraud Pasto via the leases. Without ascribing any motive, it is clear from the Counterclaim and Third-Party Complaint Pasto at the least alleges Drury and Highland actually negotiated the leases executed by Pasto.")), therefore, any contention the Court "overlooked" this aspect of Highland's Motion for Summary Judgment is rejected.

In essence, therefore, Highland is attempting to relitigate the issues previously decided by this Court in the September 16, 2020 Opinion. This is not a valid basis for a motion for reconsideration. *Sleep Tight Diagnostic Ctr., LLC v. Aetna Inc.*, Civ. A. No. 18-3556, 2020 WL 967819, at *3 (D.N.J. Feb. 27, 2020). Indeed, Highland already presented all of its substantive arguments in its Motion for Summary Judgment papers. *See Blystone*, 664 F.3d at 415 (expressly forbidding the use of a motion for reconsideration to relitigate a motion); *Soto v. City of Paterson*, Civ. A. No. 1811311, 2019 WL 630850, at *1 (D.N.J. Feb. 14, 2019); *In re 40 Lakeview Drive, LLC*, Civ. A. No. 15-14692, 2018 WL 10149988, at *1 (D.N.J. June 22, 2018) (providing that movant seeking reconsideration "may not relitigate old matters and may not raise arguments or present evidence that could have been raised before the entry of the original order") (citing *Boretsky v. Governor of N.J.*, 433 F. App'x 73, 78 (3d Cir. 2011); *Dunkley v. Mellon Inv'r Servs.*, 378 F. App'x 169, 172 (3d Cir. 2010)); *Oritani S & L v. Fid. & Deposit of Md.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990) (providing that it is not proper to use a motion for reconsideration "to ask the court to rethink what it had already thought through—rightly or wrongly"). Highland's attempts to take a second bite at the apple cannot be grounds for granting a motion for reconsideration. *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (citation omitted); *Dando v. Bimbo Food Bakeries Distrib., LLC*, Civ. A. No. 14-2956, 2017 WL 2861650, at *2 (D.N.J. July 5, 2017).

Accordingly, Highland's Motion for Reconsideration is **DENIED**.

## IV. CONCLUSION

For the reasons set forth above, Highland's Motion for Reconsideration is **DENIED**. An appropriate order follows.


**Date: May 26, 2021**                               */s/ Brian R. Martinotti*
                                                     **HON. BRIAN R. MARTINOTTI**
                                                     **UNITED STATES DISTRICT JUDGE**