<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| HIGHLAND CAPITAL CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTHEW E. PASTO, et al.,<br><br>    Defendants. | Civil Action No. 19-14282 (EP) (ESK)<br><br>**OPINION** |

**PADIN**, **District Judge.**

This Court adopts the background detailed in its October 11, 2022 Opinion (D.E. 105, the "Opinion"). But briefly, Plaintiff Highland Capital Corporation ("Highland") sued Defendants Matthew E. Pasto, M.D. and Matthew E. Pasto (collectively "Pasto") after Pasto defaulted on medical equipment financing contracts. Pasto filed a third-party Complaint against his former business associate, James Drury, Drury's companies, and, as relevant here, Drury's wife Martha, alleging that those Third-Party Defendants conspired to defraud him.

The Opinion granted Highland's summary judgment motion, resolving every claim but one: Pasto's third-party claim against Martha. The Clerk of Court entered a default against Martha on September 7, 2021 after Pasto served Martha,[1] but Pasto had not yet moved for default judgment. Opinion at 1, n.1; *see unnumbered D.E. at 9/7/21*. Pasto has now moved for default judgment, D.E. 110-1. The motion is unopposed. Because the allegations against Martha are vague and unsupported, the Court will **DENY** the motion without prejudice.

---

[1] Pasto's counsel certifies that it had communications with Martha's counsel about this matter, but that Martha nevertheless failed to appear.

Plaintiffs moving for default judgment need only "rest their argument on their pleadings," but may supplement them with affidavits or evidence if available. *Mwani v. bin Laden*, 417 F.3d 1, 8 (D.C. Cir. 2005). However, "it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Cong. Hunger Ctr. v. Gurey*, 308 F. Supp. 3d 223, 227-28 (D.D.C. 2018) (quoting 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2688.1 (4th ed.)). "[A] defendant's failure to appear and the Clerk's subsequent entry of default against it do not automatically entitle plaintiff to a default judgment. Indeed, a default is not an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Harris v. U.S. Dep't of Just.*, 600 F. Supp. 2d 129, 136 (D.D.C. 2009) (cleaned up) (quoting *Jackson v. Correctional Corp. of Am.*, 564 F. Supp. 2d 22, 26-27 (D.D.C. 2008)). "Thus, unless the complaint states a claim upon which relief may be granted as to the defendants who have defaulted, default judgment is not justified." *Id.* at 136–37; *see also City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 n.23 (2d Cir. 2011) (collecting cases). "Conceptually, ... a motion for default judgment is like a reverse motion to dismiss for failure to state a claim." *United States v. $1,071,251.44 of Funds Associated with Mingzheng Int'l Trading Ltd.*, No. 17-cv-01166, 2018 WL 3949962, at *3 (D.D.C. June 29, 2018) (quoting *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015)).

Courts have, for example, denied default judgement when evidence is presented but is otherwise insufficient to support the claims. *See Bryant v. Jackson*, No. CIV.A. 13-2823, 2015 WL 3616974, at *3 (D.N.J. June 8, 2015) (holding that defendants "would be greatly prejudiced should default judgment be entered against them in the absence of factual evidence of liability and damages"); *TBI Unlimited, LLC v. Clear Cut Lawn Decisions, LLC*, No. 1:12-CV-03355, 2016 WL 716874, at *2 (D.N.J. Feb. 22, 2016) ("[T]he Court cannot determine the validity of the alleged

contract here because Plaintiff has not attached the relevant 'Agreement' to its original or amended complaints or its Motion for Default Judgment."); *Sun Nat'l Bank v. Seaford Specilaity Surgery Center, LLC.*, No. 13–5800 at *2 (D.N.J. Oct. 7, 2015) (requiring plaintiff seeking default on a breach of contract claim to submit the loan and guaranty agreements at issue)).

Here, the Third-Party Complaint alleges breach of contract, breach of fiduciary duty, and conversion.   But the Third-Party Complaint blames all Third-Party Defendants collectively, including James and his companies, without specifying Martha's involvement with those Third-Party Defendants or Pasto himself.  *See* D.E. 3.  Thus, Martha's involvement, and therefore the basis for liability, is not clear from the Third-Party Complaint, the parties' prior submissions, or this motion.

Pasto's default judgment affidavit attempts to clarify Martha's involvement.  D.E. 110-1. For example, the affidavit names James as the primary culprit behind the scheme to defraud him, and argues that James is now in "jail for some of his crimes" (it is not clear which jail, or which crimes).  D.E. 110-1 ¶ 13.  Pasto alleges that Martha and James Drury "jointly benefited" from James' "fraudulent activities."  *Id.* ¶ 3.  According to Pasto, the Drurys "accrued millions in assets…in a joint pursuit to defraud investors and other victims[.]"  *Id.* ¶ 7.  And "based on information and belief," "much of what Mr. Drury stole…is now in [the] hands of Martha Drury, who recently finalized her divorce from Mr. Drury" in October of 2022 after a three-year legal separation.  *Id.* ¶¶ 8, 13.

Pasto's liability theory, in other words, does not impute fraud to Martha based on *her* personal involvement in James's alleged scheme.  *See In re Gauthier*, 349 F. App'x 943, 945-46 (5th Cir. 2009) (collecting cases imputing fraud from one spouse to another based on agency theory, where the spouses were "involved in a business or scheme").  And Pasto's theory suffers

from another flaw: Pasto has not demonstrated that James, who was dismissed for Pasto's failure to prosecute, D.E. 64, actually defrauded him, or that Pasto's damages can otherwise be attributed specifically to Martha.

Accordingly, Pasto's motion will be denied without prejudice.  An appropriate order accompanies this Opinion.

Dated**:** December 16, 2022

_____
Evelyn Padin, U.S.D.J.